## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KIM BITZER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 17-cv-08015 |
| v. | ) | |
| | ) | |
| COMMONWEALTH FINANCIAL SYSTEMS, | ) | |
| INC. | ) | |
| | ) | |
| | ) | <u>Jury Demanded</u> |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Kim Bitzer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.      Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July, 6,

2017) ([Defendant'ss §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

## PARTIES

5.     Plaintiff, Kim Bitzer ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Hollister Emergency Physicians consumer credit account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

6.     Defendant Commonwealth Financial Systems, Inc., ("Commonwealth") is a Pennsylvania corporation that does or transacts business in Illinois, but does not have a current registration on file with the Illinois Secretary of State. Its home state registered agent and office is CT Corporation System 116 Pine St # 320, Harrisburg, PA 17101. (Exhibit A, Record from Pennsylvania Secretary of State).

7.     Commonwealth is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due or asserted to be due another.

8.     Thus, Commonwealth is a debt collector as that term is defined at § 1692a of the FDCPA.

9.     Commonwealth is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

10.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for an Hollister Emergency Physicians medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11.     Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12.     Commonwealth was subsequently retained to collect the alleged debt.

13.     In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 26, 2017, sent a letter to Commonwealth indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

14.     Commonwealth received Plaintiff's dispute on July 26, 2017.

15.     Plaintiff's letter stated, in part, that the amount reported is not accurate.

16.     A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

17.     After making her dispute, Plaintiff purchased her Experian credit report to check that it was accurately updated.

18.     In September 2017, Commonwealth communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Experian Credit Report).

19.     Commonwealth failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

20.     Commonwealth had been notified at least a full month prior of Plaintiff's dispute.

21.     A month is sufficient time for a debt collector to update their records. *Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

22.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23.     Defendant failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

24.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25.     Commonwealth materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

26.     A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

27.     225 ILCS  425/9 of the Illinois Collection Agency Act provides as follows:

**. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

28.     Defendant disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

29.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

30.     In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

31.     Plaintiff experienced negative emotions about Defendant's false communication to Experian, including annoyance, aggravation, and other garden variety emotional distress.

32.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

33.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

34.     Defendant failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

B. Statutory damages from Defendant Commonwealth pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

35. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36. Defendant disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Compensatory and punitive damages;

B. Costs; and

C. Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
Holly M. McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227

cchatman@communitylawyersgroup.com